IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 07-00354 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRUCE ROBERT TRAVIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING THE GOVERNMENT'S MOTION
TO DISQUALIFY ATTORNEY PAUL J. SULLA, JR.**

Before the Court is Plaintiff United States of America's ("the Government") Motion to Disqualify Attorney Paul J. Sulla, Jr. ("Motion"), filed August 22, 2007. Defendant Bruce Robert Travis ("Defendant") filed a memorandum in opposition to the Motion on September 4, 2007, and the Government filed its reply on September 4, 2007. This matter came on for hearing on September 6, 2007. Appearing on behalf of the Government was Clare Conners, Assistant United States Attorney, and appearing on behalf of Defendant, who was present, was Paul Sulla, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, the Government's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

On July 26, 2007, Defendant, a real estate agent and broker, was indicted on one count of obstructing and impeding the

administration of tax laws, in violation of 26 U.S.C. § 7212(a), and six counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1). The indictment alleges, *inter alia*, that Defendant claimed deductions which he knew he was not entitled to claim in his tax returns for the years 1996, 1997, 1999, 2000, 2003, and 2004. During the course of an audit into Defendant's tax liability for the years 1996 through 2000, Defendant amended his returns to claim deductions equal to the amount of the adjusted gross income which he previously reported. He therefore claimed that he owed no income taxes for those years. The indictment also alleges that, in his 2003 and 2004 tax returns, Defendant falsely claimed charitable deductions for payments he made to the National Endowment for Financial Aid ("NEFA") and the Research Foundation, organizations affiliated with Royal Lamarr Hardy, a well known tax protestor. Defendant also allegedly tried to obstruct and impede the administration of the tax laws by obtaining a fraudulent arbitration judgment against the Internal Revenue Service ("IRS") and the IRS employee who perfromed his audit and by filing several civil actions against the IRS in the United States District Court for the District of Columbia. All of the complaints were subsequently dismissed.

        In the instant Motion, the Government argues that the Court should disqualify Mr. Sulla from representing Defendant because Mr. Sulla is likely a necessary witness in the case. The

Government states that Defendant is one of Mr. Hardy's "clients" and that Mr. Sulla previously represented both Mr. Hardy and clients of the Research Foundation.  According to the Government, Defendant consulted Mr. Hardy about how to subvert his tax obligations and Mr. Sulla facilitated, or was otherwise a part of, their relationship.

The Government alleges that Mr. Hardy worked with Defendant to obtain the fraudulent arbitration judgment and that Mr. Sulla assisted Defendant in using the fraudulent judgment in a proceeding before the Hawai`i Real Estate Commission ("the Commission").  Mr. Sulla represented Defendant when the Commission voted to deny his application for a real estate broker's license because of the IRS lien filed pursuant to the audit.  In the course of this representation, Mr. Sulla sent a letter to the Commission which characterized the arbitration judgment as valid and challenged the enforceability of Title 26 of the Internal Revenue Code ("IRC").  Some of the documents that Mr. Sulla submitted as support for the letter came from Mr. Hardy's organizations and the letter's arguments are similar to those typically propounded by Mr. Hardy and his clients.  The Govenrment also argues that Mr. Sulla should have been aware that the challenge to the IRC's enforceability was frivolous because the Tax Court and the Supreme Court of Hawai`i previously reprimanded him for raising similar arguments.  See Takaba v.

Comm'r of Internal Revenue, 119 T.C. 285 (2002).  The Government therefore argues that Mr. Sulla will likely be a necessary witness on the issue whether Defendant wilfully violated the tax laws when he claimed he did not owe any personal income taxes for 1996 through 2000.

With regard to Defendant's 2003 and 2004 tax returns, the Government notes that Mr. Sulla transmitted them to the IRS and represented that he had convinced Defendant to comply with the tax laws.  In the Government's view, based on his prior dealings with Mr. Hardy, Mr. Sulla should have known about the nature of the Research Foundation and the NEFA and should have realized that Defendant could not claim payments to those groups as deductible charitable donations.  The Government states that it may call Mr. Sulla to testify on the issue whether Defendant knew that those deductions were improper.  For these reasons, the Government argues that Mr. Sulla cannot represent Defendant pursuant to Rule 3.7 of the Hawai`i Rules of Professional Conduct ("HRPC").

In his memorandum in opposition, Defendant argues that Mr. Sulla only had a "sporadic relationship" with Mr. Hardy. [Mem. in Opp. at 2-3.]  Mr. Sulla was not aware of Mr. Hardy's or the Research Foundation's tax programs, nor was he aware of Defendant's involvement with Mr. Hardy.  Mr. Sulla denies taking part in Defendant's tax filings or in any of Defendant's

4

challenges to the IRS's authority, including obtaining the allegedly fraudulent arbitration judgment.  In fact, Defendant claims that he has fully cooperated with the IRS since Mr. Sulla became involved in the tax collection matter.  Defendant argues that Mr. Sulla's letter to the Commission did not challenge the enforceability of the IRC, but merely identified good faith questions that Defendant raised in the adjudication of his tax laibility.

With regard to Takaba, Mr. Sulla did not present Takaba's tax protestor defense claims; he presented "a newly emerging § 861 Source Rule defense".  [Mem. in Opp. at 6.]  Mr. Sulla had not represented tax filers prior to that proceeding, nor had he been involved in any tax protestor activity.  He now realizes raising that argument could have been construed as reckless at the time.  Mr. Sulla asserts that Takaba has made him more aware of the consequences of challenging the IRS's tax collection authority.  Defendant argues that, instead of being grounds for disqualification, Mr. Sulla's experience in Takaba makes him more competent to represent Defendant in the instant case.

Defendant argues that Mr. Sulla is not a necessary witness on any of the issues that the Government identified.  The Government's claim that Mr. Sulla was involved in obtaining the arbitration judgment is merely speculative.  Mr. Sulla stated in

a declaration that he was not involved in, and was not privy to, the relationship between Defendant and Mr. Hardy.  Further, Defendant argues that there is no evidence that the arbitration awards were fraudulent.  Defendant also asserts that Mr. Sulla's representation of him before the Commission was within the normal course of their attorney-client relationship and it should not disqualify Mr. Sulla from representing him in this case. Mr. Sulla did not advocate tax protestor rhetoric to the Commission; the focus of his representation was to prevent the revocation of Defendant's real estate license by establishing that Defendant was contesting the amount of his tax liability in good faith.  Mr. Sulla's letter to the Commission does not rise to the level of impeding tax collection or obstructing justice. Finally, although Mr. Sulla was acting as Defendant's attorney and assisted the IRS in procuring Defendant's 2003 and 2004 returns, he was not involved in their preparation.

      In its reply, the Government reiterates many of the arguments it raised in the Motion.  In addition, the Government argues that there is evidence that Defendant's arbitration judgments were invalid.  The judgments were vacated twice by two different arbitrators before Mr. Sulla presented them to the Commission.  Further, the IRS never participated in the arbitration.  The Government notes that, in the memorandum in opposition, Defendant states that Mr. Sulla formed two limited

liability companies for him in 2004.  The Government will present evidence that the purpose of one of the entities, Americorp International, LLC, was to hide Defendant's income from the IRS.  Mr. Sulla will therefore be a necessary witness regarding the entity's formation.  The Government also refutes Defendant's claim that he has cooperated with the IRS since retaining Mr. Sulla in this matter.  Since then, Defendant filed two false tax returns and filed frivolous complaints in the United States District Court for the District of Columbia.  The Government asserts that Mr. Sulla assisted Defendant in at least the first of those filings and that Mr. Sulla will be a necessary witness to establish the circumstances of those filings.

## DISCUSSION

Criminal defendants have a constitutional right to hire counsel of their choice.  See U.S. Const. amend VI.  That right, however, is not absolute; "it may be abridged to serve some compelling purpose.  A criminal defendant's exercise of this right cannot unduly hinder the fair, efficient and orderly administration of justice." United States v. Walters, 309 F.3d 589, 592 (9th Cir. 2002) (citations and quotation marks omitted).

Attorneys who practice in this district are required to comply with the HRPC.  See Local Rule LR83.3.  Rule 3.7(a) states that:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary

>            witness except where:
>            (1)   the testimony relates to an uncontested
>                  issue;
>            (2)   the testimony relates to the nature and
>                  value of legal services rendered in the
>                  case; or
>            (3)   disqualification of the lawyer would
>                  work substantial hardship on the client.

Haw. R. Prof. Cond. 3.7(a).  Allowing an attorney to continue as counsel of record when his representation violates Rule 3.7(a) would unduly hinder the fair administration of justice.  This Court must therefore disqualify Mr. Sulla from representing Defendant if the representation would violate Rule 3.7(a).

Defendant is charged with violating 26 U.S.C. § 7212(a), attempting to interfere with administration of internal revenue laws, and § 7206(1), filing false tax returns.  A person violates § 7212(a) when he

> corruptly or by force or threats of force
> (including any threatening letter or
> communication) endeavors to intimidate or impede
> any officer or employee of the United States
> acting in an official capacity under this title,
> or in any other way corruptly or by force or
> threats of force (including any threatening letter
> or communication) obstructs or impedes, or
> endeavors to obstruct or impede, the due
> administration of [the IRC] . . . .

26 U.S.C. § 7212(a).  In the present case, there is no allegation that Defendant used force or threats of force.  In order to prove that Defendant acted "corruptly", the Government must establish that he acted with the intention of securing an unlawful benefit for himself or someone else.  See United States v. Massey, 419

8

F.3d 1008, 1010 (9th Cir. 2005).  The elements of a § 7206(1) violation are:

> (1) the defendant made and subscribed a return, statement, or other document that was incorrect as to a material matter; (2) the return, statement, or other document subscribed by the defendant contained a written declaration that it was made under the penalties of perjury; (3) the defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and (4) the defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.

United States v. Boulware, 384 F.3d 794, 810 (9th Cir. 2004) (citation omitted).

The Court acknowledges that the parties have given conflicting accounts of Mr. Sulla's knowledge of and involvement in Defendant's tax affairs.  Even in light of this conflict, the Court finds that there is sufficient indication that Mr. Sulla will likely be a necessary witness at trial, particularly with regard to the issues related to Defendant's intent.  These are contested issues which are not limited to the nature and value of the legal services Mr. Sulla rendered in this case.  Further, Defendant has not established that Mr. Sulla's disqualification will work a substantial hardship on him.  Insofar as none of the exceptions apply, this Court finds that Mr. Sulla is disqualified from representing Defendant in this case pursuant to HRPC Rule

3.7(a).[1]

## CONCLUSION

On the basis of the foregoing, the Government's Motion to Disqualify Attorney Paul J. Sulla, Jr., filed August 22, 2007, is HEREBY GRANTED.  The Court ORDERS Defendant to appear with new counsel at a status conference on September 9, 2007 at 2:00 p.m. before Magistrate Judge Kevin S.C. Chang.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, September 19, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**U.S.A. V. BRUCE ROBERT TRAVIS; CR. NO. 07-00354 HG; ORDER GRANTING THE GOVERNMENT'S MOTION TO DISQUALIFY ATTORNEY PAUL J. SULLA, JR.**

---

[1] In light of this Court's ruling, the Court declines to address the Government's alternate arguments that: 1) Mr. Sulla's representation may expose him to personal liability, which would create a conflict pursuant to HRPC Rule 1.7; and 2) if Defendant argues that he relied on Mr. Hardy's advice in carrying out his allegedly criminal conduct, Mr. Sulla's prior representation of Mr. Hardy may create a conflict under HRPC Rule 1.9.